**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

LISA MCNEELY, et al.,

                Plaintiffs,

v.                                    CIVIL ACTION NO.   2:13-cv-25114

WELLS FARGO BANK, N.A., et al.,

                Defendants.

**MEMORANDUM OPINION & ORDER**

Pending before the court is the plaintiffs' Motion to Amend Complaint [Docket 31], filed on March 6, 2015. For the reasons set forth below, the Motion is **GRANTED**.

**I.**      **Background**

This case arises from plaintiff Michael McNeely's attempts to secure a loan modification for the mortgage on his house. Defendant Wells Fargo Bank, N.A. is the trustee of the loan, and defendant Nationstar Mortgage, LLC ("Nationstar") is the servicer of the loan. Mr. McNeely applied for the loan modification in September 2012, and after six months of delay, which he attributes to Nationstar, the loan modification was denied, resulting in foreclosure of Mr. McNeely's house. On August 30, 2013, Mr. McNeely and his ex-wife filed suit against the defendants based on five causes of action: illegal debt collection, in violation of West Virginia Code §§ 46A-2-127, -128 (Count I); negligence (Count II); assessing or threatening to assess illegal fees, in violation of West Virginia Code §§ 46A-2-127(g), -115, and -128 (Count III);

illegal failure to credit payments, in violation of West Virginia Code § 46A-2-115 (Count IV); and breach of contract (Count V).

By Memorandum Opinion and Order entered on December 10, 2014, this court dismissed Counts I through IV upon the defendants' Motion for Judgment on the Pleadings, finding that the plaintiffs pleaded sufficient facts to sustain only their breach of contract claim. (Mem. Op. & Order [Docket 23], 18–19). Then, on January 23, 2015, the parties moved to continue the deadline for summary judgment motions because (1) the plaintiffs were considering filing a motion to amend their complaint and (2) the parties were discussing settlement. (Mem. in Supp. of Joint Mot. to Continue [Docket 26], at 1). I allowed the continuance and set February 25, 2015, as the new deadline for summary judgment motions. (Am. Scheduling Order [Docket 27]). By this date, however, no motion to amend had been filed, and so the defendants moved for summary judgment based on the original complaint. (Defs.' Mot. for Summ. J. [Docket 28]).

Still anticipating a motion to amend the complaint, which, if granted, could affect the content of a dispositive motion, the parties again asked the court to extend the deadlines for summary judgment responses. (Joint Mot. Regarding Briefing Deadlines [Docket 30]). I granted this request on March 6, 2015, thereby suspending briefing on the defendants' pending Motion for Summary Judgment until the amendment issue was resolved. (Order [Docket 32]). On the same day, the plaintiffs filed their Motion to Amend Complaint [Docket 31]. Through amendment, the plaintiffs seek to "reinstate Counts I and II for illegal debt collection conduct under the West Virginia Consumer Credit Protection Act." (Mot. to Amend Compl. [Docket 31], at 1). The defendants have filed their response in opposition to the Motion to Amend, and therefore, the matter is ripe for my review.

2

## II.     Discussion

When amendment is not available as a matter of course, Federal Rule of Civil Procedure 15 provides that a party may amend its pleading "only with the opposing party's written consent or the court's leave" and that the court should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit Court of Appeals has expressed a policy of "liberally allow[ing] amendment," *Scott v. Family Dollar Stores*, 733 F.3d 105, 112 (4th Cir. 2013), and has held that "leave to amend a pleading should be denied only when [1] the amendment would be prejudicial to the opposing party, [2] there has been bad faith on the part of the moving party, or [3] the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). Absent prejudice, bad faith, or futility, "delay alone is not sufficient reason to deny leave to amend." *Johnson*, 785 F.2d at 509; *see also Medigen of Ky., Inc. v. Pub. Serv. Comm'n of W. Va.*, 985 F.2d 164, 167–68 (4th Cir. 1993) ("[T]he federal rules strongly favor granting leave to amend.").

The defendants argue that granting the instant Motion to Amend would result in unfair prejudice. First, the defendants contend that the plaintiffs had received the discovery information necessary to amend their complaint in March 2014, and so the Motion to Amend is unduly delayed. Second, the defendants assert that because the Motion to Amend was filed after the close of discovery, the delay has resulted in the loss of an opportunity to investigate the new allegations. Therefore, the defendants contend that discovery will have to be reopened to allow them to depose the plaintiffs about the newly articulated facts. Finally, because the defendants did not receive a proposed amended complaint until the day before summary judgment motions were due, the defendants argue that their Motion for Summary Judgment, which they drafted based on the plaintiffs' original complaint, will be mooted by an amended complaint. According to the

3

defendants, this undue delay and resulting prejudice weighs in favor of denying the Motion to Amend.

Having considered the "nature of the amendment and its timing," *Laber*, 438 F.3d at 427, I must disagree. As an initial matter, the delay in filing, though not ideal, is also not exceptional. Generally, findings of prejudice occur when "the amendment is offered shortly before or during trial," *Johnson*, 785 F.2d at 510, but here, the plaintiffs moved to amend more than three months before trial. During this time, the parties can conduct further discovery, if needed, with permission from the court. Contrary to the defendants' position, "the adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of the motion to amend a pleading." *United States v. Cont'l Ill. Nat'l Bank & Trust Co. of Chi.*, 889 F.2d 1248, 1255 (2d Cir. 1989).

Furthermore, this additional discovery is unlikely to be extensive or expensive, given that the plaintiffs' amended complaint does not change the substance of the case. That is, it does not raise any "new legal theor[ies] that would require the gathering and analysis of facts not already considered by the defendant." *Johnson*, 785 F.2d at 510. Instead, it simply attempts to "add[] factual detail and cure[] the pleading defect" contained in Counts I and II of the original complaint. (Reply in Supp. of Mot. to Amend [Docket 34], at 2). Even if the defendants did not know until reading the amendment which service entries, payments, or fees were specifically in dispute, they have always been aware of the plaintiffs' claims and the general facts underlying them. Therefore, no prejudice could result from allowing the plaintiffs to amend their complaint in this manner. *See Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) ("Because defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of the defendant's case."); *see also Edwards v. City*

*of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (stating that merely adding specificity to allegations generally does not cause prejudice to the opposing party).

I am likewise unpersuaded by the defendants' argument that they would be prejudiced by an amended complaint because their Motion for Summary Judgment would become moot. The defendants' Motion for Summary Judgment concerns the plaintiffs' breach of contract claim, which still exists and will not be changed by the plaintiffs' amended complaint. Thus, the court's denial of the Motion for Summary Judgment as moot will not render it useless, and the defendants can recycle the analysis in any dispositive motions that it brings against the amended complaint. In short, their work has not been in vain.

Seeing no other indications of prejudice, bad faith, or futility, I **GRANT** the plaintiffs' Motion to Amend [Docket 31].

## III.    Conclusion

The plaintiffs' Motion to Amend [Docket 31] is **GRANTED**. Accordingly, the defendants' Motion for Summary Judgment [Docket 29] is **DENIED as moot**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        April 2, 2015

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE